# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. 18-0063-WS |
| | ) |
| LESLIE ANTOINE McMILLIAN, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This matter comes before the Court on defendant Leslie Antoine McMillian's *pro se* filing that the Court liberally construes as a Motion to Correct Judgment Pursuant to Rule 36, Fed.R.Crim.P. (doc. 46). The Motion has been briefed and is now ripe.

McMillian pleaded guilty to one count of possession with intent to distribute less than 50 kilograms of marijuana, in violation of 21 U.S.C. § 841(a)(1) (Count Two) and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count Three). McMillian was in state custody on related charges from February 7, 2018 until March 6, 2018, at which time he was released on bond. (Doc. 29, PageID.111.) He was arrested on a federal warrant for this case on April 30, 2018, and remained in custody through his sentencing hearing on August 27, 2019. (Doc. 29, PageID.103.)

The Judgment in a Criminal Case entered in this matter on September 12, 2019, set forth McMillian's custody sentence as follows: "60 MONTHS; said term consists of time served as to Count Two and 60 months as to Count Three; said terms to run consecutively; defendant is to receive credit for time served." (Doc. 44, PageID.142.) The problem is that this Judgment does not accurately reflect the undersigned's statements during the sentencing hearing or the undersigned's expressed intent in sentencing McMillian. Specifically, the Court explained at sentencing that "with regard to Count Two … the Court will impose a sentence of time served." (Doc. 48, PageID.160.) As for Count Three, the Court stated in the hearing that McMillian would serve "a mandatory consecutive sentence of 60 months. So that the composite sentence would be a total of 60 months." (*Id.*) The Court elaborated that McMillian was to be "given credit for any time that he has spent in custody on this case or related cases." (Doc. 48,

PageID.163.) Taken in the aggregate, then, the Court's pronouncements during the sentencing hearing reflect that McMillian was being sentenced to a total term of imprisonment of 60 months, with credit against that term of imprisonment for all time spent in custody on this case or related cases. In other words, the Court orally pronounced during the sentencing hearing that the time McMillian had previously served in federal custody in this matter, and in state custody on the related state charges, would be credited against that composite 60-month sentence. The Government did not object.

As presently worded, however, the Judgment can reasonably be interpreted as saying that none of McMillian's time served in custody in this case and related cases prior to the sentencing hearing was to be credited against the 60-month sentence. That conflicts with the Court's intent as expressed orally at the sentencing hearing. Under well-settled law, "[w]hen the orally imposed sentence differs from the written order of judgment, the oral sentence controls." *United States v. Ridgeway*, 319 F.3d 1313, 1315 (11th Cir. 2003). Thus, the Judgment contains a clerical error that is properly corrected via the mechanism provided by Rule 36, Fed.R.Civ.P. *See, e.g., United States v. Davis*, 841 F.3d 1253, 1261 (11th Cir. 2016) ("Rule 36 may be used to correct a 'clerical' error in a written judgment"); *United States v. Portillo*, 363 F.3d 1161, 1164 (11th Cir. 2004) ("a district court may correct 'clerical' errors in the written judgment at any time under Rule 36, for example, to ensure that the judgment is in accord with the oral sentence"). When given an opportunity to be heard on defendant's Motion, the Government acknowledged that the Judgment conflicts with its understanding of the Court's intent in sentencing, and agreed that "the Judgment should be amended pursuant to Fed. R. Crim. P. 36[] to accurately reflect the Court's intent in this regard." (Doc. 49, PageID.166.)

For all of the foregoing reasons, McMillian's construed Motion to Correct Judgment Pursuant to Rule 36, Fed.R.Crim.P. (doc. 46) is **granted**. The Clerk of Court is directed to enter an Amended Judgment pursuant to Rule 36 to reflect that McMillian is to receive credit against the 60-month custodial sentence imposed as to Count Three for the total number of days he served prior to sentencing in federal custody in this case and in state custody in related cases.

DONE and ORDERED this 22nd day of January, 2020.

                                            s/ WILLIAM H. STEELE
                                            UNITED STATES DISTRICT JUDGE